UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CLEO NICHOL ROBINSON;
DALE C. FRITCHEN; and
PACIFIC BELL TELEPHONE
COMPANY, dba SBC CALIFORNIA,

        Plaintiffs,

  v.

CITY OF STOCKTON,

        Defendant.
_____/

NO. CIV. S-04-1878 LKK/GGH

O R D E R

    This matter comes before the court on plaintiffs' motion to amend or alter judgment or, in the alternative, to correct the judgment and order issued on March 11, 2005.  I decide the motion based on the papers and pleadings filed herein and after oral argument.

////

////

////

1

## I.

## BACKGROUND

Plaintiffs initially brought this suit in the Superior Court of California, County of San Joaquin, against the City of Stockton to challenge its "Emergency Communication System Access Fee Ordinance" ("Ordinance") pursuant to state law and the Takings Clause of the Fifth Amendment. On September 9, 2004, defendant successfully removed this case to federal court.

On March 10, 2005, this court granted defendant's motion to dismiss on the grounds that the Takings Clause claim, the only federal cause of action, was not ripe for review. Order at 7. Because the court lacked jurisdiction over the state claims, defendant's motion was granted in its entirety. Id. at 7-8.

Plaintiffs now argue that the court should not have dismissed the case, but rather should have remanded to the state court as required by 28 U.S.C. § 1447(c). Pls' Mot. To Am. or Alter J. ("Pls' Mot.") at 2.

## II.

## STANDARDS

A district court may reconsider its final judgment or order either through Rule 59(e)(motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. School Dist. No. 1J, Multnomah County, Or. v. Acands, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). A Rule 59 motion must be filed within ten days after entry of the judgment. Fed. R. Civ. P. 59(e). A motion to alter or amend judgment that is not

1 timely under Rule 59(e) may be treated as a motion for relief from
2 judgment under Rule 60(b). <u>Gould v. Mutual Life Ins. Co.</u>, 790 F.2d
3 769, 772 (9th Cir. 1986).  Because plaintiffs timely file their
4 motion, the court will consider it under Rule 59(e).
5    "Amendment or alteration is appropriate under Fed. R. Civ. P.
6 59(e) if (1) the district court is presented with newly discovered
7 evidence, (2) the district court committed clear error or made an
8 initial decision that was manifestly unjust, or (3) there is an
9 intervening change in controlling law." <u>Zimmerman v. City of
10 Oakland</u>, 255 F.3d 734, 740 (9th Cir. 2001).

**III.**

**ANALYSIS**

13    Plaintiffs contend that dismissal was improper because 28
14 U.S.C. § 1447(c) requires remand when it appears, before final
15 judgment, that the district court does not have subject matter
16 jurisdiction.  Specifically, they assert that when the court
17 concluded that the federal takings claim was unripe, it was clear
18 that it lacked subject matter jurisdiction to hear the case. <u>Id</u>.
19 According to them, at that point, the court should have ordered the
20 case remanded, rather than dismissed.  For the reasons explained
21 below, I agree with the plaintiffs' contention.
22    Section 1447(c) provides, in relevant part, that, "[i]f at
23 any time before final judgment it appears that the district court
24 lacks subject matter jurisdiction, the case shall be remanded." 28
25 U.S.C. § 1447(c).  The Ninth Circuit has explained that section
26 1447(c) means that "if there is no jurisdiction – federal question,

3

supplemental, diversity, or otherwise – the district court must remand the removed case rather than dismissing it." <u>Albingia Versicherungs A.G. v. Schenker Int'l</u>, 344 F.3d 931, 938 (9th Cir. 2003).

As plaintiffs contend, in ruling on defendants' motion to dismiss, the court determined that it could not hear the federal takings claim because it was not ripe for adjudication. Order at 7. In such situations, where the "case is not ripe for review, then there is no case or controversy,. . [and] the court lacks subject-matter jurisdiction." <u>Principal Life Ins. v. Robinson</u>, 394 F.3d 665, 669 (9th Cir. 2005). Finding that there was no subject matter jurisdiction, remand of the removed case should have necessarily followed. <u>See</u> <u>Albania</u>, 344 F.3d at 938.

Defendant contends in its opposition that the court has discretion to either remand or dismiss the state law claims. Def.'s Opp. at 1. Contrary to defendant's view, section 1447(c) does apply and effectively forecloses any discretion by the court to dismiss. Defendant states in its brief that the Ninth Circuit explained in <u>Albania</u> that "Section 1447(c) does not mean that if the federal claim drops out [because of lack of subject-matter jurisdiction] the district court must remand." Def.'s Opp. at 5. Defendant misstates the Ninth Circuit's analysis in <u>Albania</u>.

The Ninth Circuit has explained that where a case involves both federal and state claims, but the district court does not have jurisdiction over the federal claim, then the court cannot have supplemental jurisdiction over the state claims through section

4

1367; and, "if there is no jurisdiction – federal question, supplemental, diversity, or otherwise – the district court must remand the removed case rather than dismissing it." <u>Albania</u>, 344 F.3d at 938. Here, this court concluded there is no federal jurisdiction because the case is not ripe for review. Upon that determination, section 1447(c) applies and requires remand.

Defendant also avers that section 1447(c) is inapplicable because section 1447(c) is triggered only where there is no basis for federal jurisdiction at the time of removal. <u>Id</u>. Defendant's contention has no merit. The language of section 1447(c) unequivocally states that remand is proper at any time before the final judgment. 28 U.S.C. 1447(c).

**IV.**

**CONCLUSION**

For the foregoing reasons, the court GRANTS plaintiffs' motion to amend. The court's order dated March 11, 2005 is hereby AMENDED as follows:

1. The language at 7:14-8:2 is stricken and replaced with: "Because the court lacks jurisdiction over the federal claim, it may not exercise jurisdiction over the remaining state claims. Rather, this action must be remanded to the state court where it was originally filed pursuant to 28 U.S.C. 1447."

2. The language at 8:5-6 is stricken and replaced with: "For all of the above reasons, defendant's motion is GRANTED and the case is remanded to the Superior Court

5

1  of California, County of San Joaquin.
2  IT IS SO ORDERED.
3  DATED: May 12, 2005.
4                                  /s/Lawrence K. Karlton
                                   LAWRENCE K. KARLTON
5                                  SENIOR JUDGE
                                   UNITED STATES DISTRICT COURT